IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GENE ALLEN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BLACK AND PINK,<br><br>　　　　　　Defendant. | 8:20CV361<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　Plaintiff has filed a number of miscellaneous motions.

　　　Motion for Appointment of Counsel (Filing 6): The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent at this time. Thus, the request for the appointment of counsel will be denied without prejudice at this time.

　　　Motion Regarding Service (Filing 10) & Motion for U.S. Marshal to Serve Defendant (Filing 12): These motions will be denied for the reason that service of summons will be ordered if warranted after initial review of Plaintiff's Complaint. If service of process is ordered, the U.S. Marshal will execute such service upon the court's order.

　　　Motion to Waive Filing Fees (Filing 13): This motion will be denied for the reasons discussed in Filing 8. Furthermore, Plaintiff has paid, and the court is in receipt of, his initial partial filing fee of $.02 on December 28, 2020.

Motion for Status (Filing 16): The court will conduct an initial review of Plaintiff's Complaint in the ordinary course of business, after which it will be determined whether this case will be closed or proceed further. Plaintiff should note that the court's progress in completing its initial review of Plaintiff's Complaint, as well as the complaints of other pro se litigants, is being delayed by Plaintiff's numerous miscellaneous motions.

Motion for Preliminary Injunction (Filing 20): Plaintiff accuses prison officials of intercepting his mail, "interfering with correspondence," and taking his name "out of the file or mailing list." (Filing 20.) "[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys. v. C L Sys.*, 640 F.2d 109, 114 (8th Cir. 1981). Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987) ("Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted."). "A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011).

Plaintiff's allegations do not entitle him to injunctive relief because he has not demonstrated that he faces a threat of irreparable harm but, rather, only complains about past harms. *See Nooner v. Nebraska*, No. 8:19CV360, 2019 WL 4416143, at *2 (D. Neb. Sept. 16, 2019) (denying preliminary injunctive relief when plaintiff did not demonstrate threat of irreparable harm, but only past harms).[1]

---

[1] Furthermore, Plaintiff has not filed an affidavit or verified complaint clearly showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b),

Plaintiff also complains that his request to pay $.02 to the Clerk of Court has not yet been granted. As noted above, the court received Plaintiff's initial partial filing fee on December 28, 2020, so this part of Plaintiff's motion is moot.

Motion (Filing 21): This Motion, which appears to be a notice of appeal from a judgment which has not yet been entered in this case, will be denied as premature.

IT IS ORDERED:

1. Plaintiff's Motion for Status (Filing 16) is granted;

2. Plaintiff's Motion for Appointment of Counsel (Filing 6) is denied without prejudice; and

3. Plaintiff's remaining Motions (Filings 10, 12, 13, 20, 21) are denied.

DATED this 22nd day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

as he is required to do when requesting injunctive relief without notice to the defendant.

3