IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GENE ALLEN,<br><br>             Plaintiff,<br><br>vs.<br><br>BLACK AND PINK; and DOMINIQUE MORGAN, Executive Director of Black and Pink,<br><br>             Defendants. | 8:20CV361<br><br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff Gene Allen, a Nevada inmate, brings this state-law tort action against a publication with an Omaha, Nebraska, address. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 8), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

      Plaintiff, an inmate at the Lovelock Correction Center in Nevada, brings this diversity action against a publication entitled "Black and Pink," which is allegedly geared toward the LGBTQ community, and Dominique Morgan, the publication's executive director. Plaintiff alleges that he received the unsolicited magazine while in prison, causing him to be labeled as homosexual which, in turn, put his "life at risk" and caused him to be transferred to other facilities and suffer loss of property, programming, religious activities, medical services, and privileges. (Filing 1 at CM/ECF pp. 5-7.) Plaintiff claims he wrote the publisher of Black and Pink to ask them to stop sending him the publication, but they did not stop. For relief, Plaintiff requests $225,000 in money damages, injunctive relief, and a declaratory judgment. (*Id*. at p. 8.)

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Plaintiff's Tort Claim

After careful review of Plaintiff's Complaint, the court determines that Plaintiff has alleged sufficient facts to state a plausible state-law tort claim based on diversity jurisdiction, and this matter will be allowed to proceed to service of process, as directed below.

## B. Request for TRO

Plaintiff requests a temporary restraining order ("TRO") on page 8 of his Complaint, where he indicates the types of relief he requests in a check-the-box format. (Filing 1 at CM/ECF p. 8.) Under the "other" types of relief he requests, Plaintiff states, "T.R.O. rule 65(b) to immediately stop mailing copys [sic] of Black and Pink, no further afileation [sic]."

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a TRO may issue without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not filed a separate motion for a TRO, a supporting brief, and an affidavit clearly showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," efforts Plaintiff has made to give notice to the adverse party, and the reasons why such notice should not be required. Nor does Plaintiff's Complaint contain such a showing.

Accordingly, Plaintiff's request for a temporary restraining order contained in his Complaint will be denied. *See Trenton Indian Serv. Area v. Loudermilk*, No.

4:12-CV-143, 2013 WL 12109416, at *1 (D.N.D. July 30, 2013) (denying "perfunctory request[]" for temporary restraining order and preliminary injunction in complaint due to plaintiff's failure to comply with Fed. R. Civ. P. 65(b) and to present the court "with anything other than the brief statements contained in the complaint requesting a preliminary injunction"); *Holt v. Howard*, No. 4:12-CV-510, 2012 WL 6087168, at *1 (E.D. Ark. Dec. 4, 2012) ("the Court will not address a TRO or a preliminary injunction unless and until [the plaintiff] moves for one with supporting papers"); *Fryer v. Citimortgage, Inc.*, No. CIV. 09-3197, 2009 WL 3856724, at *1 (D. Minn. Nov. 17, 2009) (denying plaintiff's application for TRO when plaintiff failed to certify in writing any attempts to notify defendant of request for TRO; "Moreover, [the plaintiff] has not provided 'specific facts in an affidavit or a verified complaint' that 'clearly show' her right to *ex parte* relief before Defendant can be heard.") (quoting Fed. R. Civ. P. 65(b)(1)); *see also Vice v. Kaemingk*, No. 4:16-CV-04127, 2016 WL 7263736, at *4 (D.S.D. Dec. 15, 2016) (when plaintiff's request for TRO was contained in complaint, court on initial review under 28 U.S.C. § 1915A denied motion for TRO, stating "At this stage, [the plaintiff] cannot show that he is likely to succeed on the merits. He has only stated a claim upon which relief may be granted. The defendants have not been served and have not had a chance to respond. Therefore, [the plaintiff's] motions for a temporary restraining order and preliminary injunction are denied.").

Accordingly,

IT IS ORDERED:

1.   Plaintiff's Motion to Add Defendant (Filing 19) granted, and the Clerk of Court shall add to the caption the following Defendant: Dominique Morgan, Executive Director of Black and Pink.

2.   Plaintiff's request for a temporary restraining order contained in his Complaint (Filing No. 1 at CM/ECF p. 18) is denied without prejudice.

3. For service of process on Defendants Black and Pink and Dominique Morgan, Executive Director of Black and Pink, the Clerk of Court is directed to complete a summons form and a USM-285 form for each Defendant using the address "Black & Pink, 6223 Maple St. # 4600, Omaha, NE 68104" and forward them together with a copy of the Complaint (Filing 1) and a copy of this Memorandum and Order for each Defendant to the Marshals Service. **The Marshals Service shall serve Defendants Black and Pink and Dominique Morgan, Executive Director of Black and Pink, at Black & Pink, 6223 Maple St. # 4600, Omaha, NE 68104.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this

---

[1]Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

6. Plaintiff's Notice of Appeal (Filing 23) is denied as premature.

7. Plaintiff's Motion for Reconsideration of Motion for Appointment of Counsel (Filing 24) is denied without prejudice for the reasons stated in Filing 22.

DATED this 18th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge