# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GENE ALLEN,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK AND PINK, and DOMINIQUE MORGAN, Executive Director of Black and Pink,<br><br>Defendants. | 8:20CV361<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court upon the Plaintiff's Motion for Summary Judgment (Filing 32), in which Plaintiff requests the entry of default judgment against the Defendants for their failure to respond to Plaintiff's Complaint, which was served upon the Defendants on April 21, 2021. (Filings 28, 29.) The Federal Rules of Civil Procedure require that a defendant serve an answer to a complaint "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a). Although served, the Defendants have not filed an answer or any other responsive pleading, nor have they filed a motion for extension of time within which to do so.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although not labeled as such, Plaintiff's Motion for Summary Judgment in substance requests a clerk's entry of default. Accordingly, I shall order the Clerk of Court to enter a default against the Defendants.

Once the Clerk of Court has done so, the Plaintiff must properly apply to the court for a default judgment pursuant to the requirements set forth in Federal Rule of Civil Procedure 55(b)(2)[1] and Nebraska Civil Rule 55.1(c).[2] Accordingly,

---

[1] Fed. R. Civ. P. 55(b)(2) states:

In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

[2] Nebraska Civil Rule 55.1(c) provides:

If a party requests a judgment from the court under Federal Rule of Civil Procedure 55(b)(2), the party must, after obtaining a clerk's entry of default under Federal Rule of Civil Procedure 55(a) and Nebraska Civil Rule 55.1(a):

(1) file a motion for default judgment;

(2) file an affidavit stating that the party against whom the default judgment is requested is (a) not an infant or incompetent person as stated in Federal Rule of Civil Procedure Rule 55(b)(2) or (b) meets the exceptions stated in Federal Rule 55(b)(2);

(3) e-mail to the judge's chambers a proposed judgment; and

(4) in cases in which damages must be proved, request an evidentiary hearing before the trial judge.

IT IS ORDERED:

1. Plaintiff's Motion for Summary Judgment (Filing 32), construed as a Motion for Entry of Default, is granted.

2. Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court shall enter a default against the Defendants for failure to plead or otherwise defend within 21 days after being served with the summons and Complaints, as required by Fed. R. Civ. P. 12(a).

3. The Clerk of Court shall send a copy of this Memorandum and Order to the Defendants at the address where the United States Marshal served the Defendants, 3314 N. 66th St., Omaha, NE 68104. The Defendants should note that should they desire to file a Motion to Set Aside a Default under Fed. R. Civ. P. 55(c) after the Clerk of Court enters a default against them, they must show good cause for their failure to answer the Plaintiff's Complaint. If the Defendants fail to do so, they are subject to a default judgment against them for damages.

4. The Plaintiff shall have until July 23, 2021, to file a motion for default judgment against the Defendants. Such motion shall fully comply with Federal Rule of Civil Procedure 55 and Nebraska Civil Rule 55.1.

5. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: July 23, 2021—deadline for filing motion for default judgment.

DATED this 23rd day of June, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge