IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GENE ALLEN,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACK AND PINK, and<br>DOMINIQUE MORGAN, Executive<br>Director of Black and Pink,<br><br>    Defendants. | 8:20CV361<br><br>MEMORANDUM<br>AND ORDER |

Pending before the court in this pro se case is Plaintiff's Motion for Default Judgment (Filing 39), as well as other miscellaneous motions.

## BACKGROUND

The court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e), finding that Plaintiff alleged sufficient facts to state a plausible state-law tort claim based on diversity[1] jurisdiction and ordering service of process on Defendants. (Filing 25.) Plaintiff filed a Motion for Judgment shortly thereafter (Filing 27), and summonses were then returned executed on April 21, 2021. (Filings 28, 29.) After Defendants failed to respond to Plaintiff's Complaint, Plaintiff filed a Motion for Entry of Default (Filing 32), which the court granted (Filing 37). The Clerk of Court docketed an Entry of Default as to Defendants on June 23, 2021 (Filing 38). Plaintiff filed a Motion for Default Judgment on July 6, 2021 (Filing 39), and a supporting affidavit (Filing 41) on September 17, 2021.

---

[1] Plaintiff is an inmate at the Lovelock Correctional Center in Lovelock, Nevada, and the Defendants reside in Omaha, Nebraska.

Plaintiff brings this diversity action against a publication entitled "Black and Pink," which is allegedly geared toward the LGBTQ community, and Dominique Morgan, the publication's executive director. Plaintiff alleges that he received the unsolicited publication from June 2017 to March 2020 while in prison, causing him to be labeled as homosexual which, in turn, put his "life at risk" and caused him to be transferred to other facilities and suffer loss of property, programming, religious activities, medical services, and privileges. (Filing 1 at CM/ECF pp. 5-7.) Plaintiff claims he wrote the publisher of Black and Pink to ask it to stop sending him the publication, to no avail. For relief, Plaintiff requests a total of $225,000 in money damages ($75,000 general, $75,000 special, and $75,000 punitive), injunctive relief (to "investigate gender discrimination used as a tool for harassment by staff"), and a declaratory judgment. (Filing 1 at CM/ECF p. 8.)

## DISCUSSION

When a party has failed to plead or otherwise defend against a pleading listed in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 7(a), entry of default under Fed. R. Civ. P. 55(a) may be made by the clerk of court. Once the clerk of court has entered default, the court may issue a default judgment, which is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55; *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).

However, "[u]pon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation marks and citation omitted); *see also Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (after entry of default, "liability does not automatically attach from the well-

pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief"; if there is valid basis for liability, court then considers amount of damages to be awarded). If, after considering such factual allegations (considered to be true), the court finds no valid claim, the district court should dismiss the complaint. *Murray*, 595 F.3d at 871.

Here, after performing an initial review of Plaintiff's Complaint using the liberal pleading standard afforded pro se litigants, the court allowed Plaintiff's state-law tort claim to proceed to service of process. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)). However, upon Plaintiff's request for entry of a default judgment, this court is now required to "to consider whether the unchallenged facts constitute a legitimate cause of action." *Murray*, 595 F.3d at 871. After further review of Plaintiff's state-law tort claim, the court is unable to find any reported state or federal case recognizing a tort claim allowing a prisoner to recover against a publisher for sending unwanted publications to the prisoner. Because there is no valid basis for liability or relief asserted in Plaintiff's Complaint, it must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e), and Plaintiff's Motion for Default Judgment must be denied. *Murray*, 595 F.3d at 871 (district court should have dismissed complaint for failure to state claim instead of entering default judgment when factual allegations of complaint did not constitute legitimate cause of action); s*ee, e.g., Olona v. Mahr*, No. 8:20CV171, 2021 WL 4333767 (D. Neb. Sept. 23, 2021) (after initial review, pro se case was allowed to proceed on procedural-due-process claim, but same claim then dismissed for failure to state claim upon which relief may be granted on Fed. R. Civ. P. 12(b)(6) motion).

Accordingly,

IT IS ORDERED:

1. Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e);

2. Plaintiff's Motion for Default Judgment (Filing 39) is denied;

3. Plaintiff's Motion for Judgment (Filing 27), Motion to Appoint Counsel (Filing 33), and Motion for Case Summary (Filing 34) are denied;

4. Judgment shall be entered by separate document.

DATED this 7th day of October, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge