IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GENE ALLEN,<br><br>        Plaintiff,<br><br>vs.<br><br>BLACK AND PINK and DOMINIQUE MORGAN, Executive Director of Black and Pink,<br><br>        Defendant. | 8:20CV361<br><br>**MEMORANDUM AND ORDER** |

    Judgment was entered in this case on October 7, 2021, dismissing this matter without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e). (Filings 42, 43.) Plaintiff has now filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). (Filing 47.)

    Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017).

Here, Plaintiff has not demonstrated any legitimate reason for obtaining relief from the court's judgment of dismissal without prejudice. He has not presented any "extraordinary circumstances" justifying relief, nor has he argued that any of the other reasons for granting a Rule 60(b) motion apply. Plaintiff only asserts that "he can not proceed with out counsel be appointed." (Filing 47 at CM/ECF p. 1.) As previously explained to Plaintiff (Filing 22), there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005). The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, and in this case, the factual and legal complexity of the case and Plaintiff's ability to investigate and present the facts and claims did not warrant it. (Filings 22, 25.) *Recca v. Omaha Police Dep't*, 859 Fed. App'x 3 (8th Cir. 2021) (unpublished); *Phillips*, 437 F.3d at 791; *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996); *Edgington,* 52 F.3d at 780. Thus, the lack of counsel does not constitute "extraordinary circumstances" warranting relief under Fed. R. Civ. P. 60(b)(6).[1]

---

[1] In fact, the court found that Plaintiff failed to state a valid basis for liability in his Complaint because "the court is unable to find any reported state or federal case recognizing a tort claim allowing a prisoner to recover against a publisher for sending unwanted publications to the prisoner." (Filing 42 at CM/ECF p. 3.) Appointment of counsel would therefore have been unhelpful.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) (Filing 47) is denied.

DATED this 16th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge